UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MADAI REYES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: |
| | ) |
| HENRY SCHEIN, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Madai Reyes ("Reyes"), brings this action against Defendant, Henry Schein, Inc. ("Defendant"), for unlawfully violating her rights as protected by Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981.

## PARTIES

2. Reyes has resided within the Southern District of Indiana at all relevant times.

3. Defendant is a company operating within the Southern District of Indiana.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988; 42 U.S.C. § 2000e-5(f)(3); and 42 U.S.C. § 1981.

5. Reyes was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

7. Reyes satisfied her obligations to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a right-to-sue notice to Reyes. She now timely files her lawsuit.

8. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

9. Reyes is of Mexican, Latino, and Hispanic ancestry.

10. Reyes was born in Mexico.

11. Defendant hired Reyes on or about December 10, 2002.

12. Reyes was an Inventory Control Clerk when Defendant constructively demoted her to a Packer position.

13. Reyes' work performance met or exceeded Defendant's legitimate expectations at all relevant times.

14. Reyes reported to Supervisor Heidi Havens ("Havens") at all relevant times.

15. Manager Mike Murdock ("Murdock"), who is Caucasian, supervised Havens, who is Caucasian, at all relevant times.

16. Reyes commenced working with and training Annie McFarland ("McFarland") in or about December 2021.

17. McFarland is Caucasian.

18. Defendant, through McFarland, created and maintained a hostile work environment for Reyes based on her race/ancestry, national origin, and ethnicity between in or about December 2021 and in or about February 2022.

19. The harassment based on Reyes' race, national origin/ancestry, and ethnicity was severe or pervasive and altered the terms and conditions of her employment, including, but not limited to: her performance, her emotional and mental state at work, and Defendant's policies, procedures, and terms concerning its employees of not being harassed at work by management.

20. A term and condition of Reyes' employment included not being harassed based on her race, national origin/ancestry, and ethnicity at Defendant's workplace.

21. The severe or pervasive harassment included multiple verbal statements by McFarland to Reyes on a near daily basis, including, but not limited to: calling her a Mexican Mom with a sandal; telling Reyes that McFarland is the "boss" and Reyes her "slave"; telling her she only ate Mexican food because she is Mexican; using Spanish words to call her "dumb"; referring to her as a "tiny Mexicano"; making fun of her accent; continuously correcting her language and syntax; asking her if she was a "beaner"; and ordering her to "come on, little puppy."

22. When referring to Reyes as her "slave," McFarland motioned to Reyes like she was cracking a whip. She made whip-cracking sounds at the same time.

23. McFarland hit Reyes on the head while making racist statements about her.

24. McFarland slapped Reyes multiple times while making racist statements about her.

25. Reyes opposed McFarland's unlawful behavior by telling her to quit multiple times.

26. Starting in or about late December 2021, and continuing until in or about February 2022, Reyes complained multiple times about McFarland's hostile work environment to Defendant, including Havens, Murdock, and Human Resources Manager Cathy Kimmel ("Kimmel"). She complained about the harassment to Supervisor Mike Ampil ("Ampil") in or about January 2022.

27. Reyes complained about the hostile work environment created by McFarland to Havens in or about late December 2021.

28. Defendant refused to take prompt, remedial action in response to Reyes' complaints, and the harassment continued unabated.

29. On or about January 24, 2022, Reyes complained about the hostile work environment

to Havens, Ampil, and Murdock. McFarland was present for the meeting.

30. Murdock laughed at Reyes' complaints and then told McFarland to apologize to Reyes.

31. Reyes told Murdock that Havens yelled at her when Reyes complained to her about McFarland. Murdock advised Reyes not to "make things bigger than they really are." He also stated to her that McFarland and Reyes should be "friends and work together."

32. Havens had previously laughed at the harassing comments made by McFarland to Reyes.

33. The harassment continued unabated.

34. After the meeting, McFarland intensified her hits on Reyes and her unlawful harassing comments to her.

35. Reyes complained about the unlawful harassment to Havens on or about February 4, 2022.

36. Reyes told Havens that she could not keep working with McFarland because of her racist comments and her overall behavior toward her. She asked Havens for assistance in no longer working with McFarland.

37. Havens responded that she understood the job was overwhelming for Reyes in response to Reyes' complaints about McFarland.

38. Havens told Reyes that she had a solution for her on or about February 11, 2022. She informed her that Murdock and she had decided that McFarland would remain in her position, but that Reyes could transfer to a Packer position.

39. Havens left Reyes with no choice but to accept the Packer position.

40. The transfer to the Packer position constituted a constructive demotion with a cut in pay

and a monetary cap on future pay increases.

41. Later, on or about February 11, 2022, Reyes spoke with Kimmel about the constructive demotion.

42. Kimmel told Reyes she was aware of the communications that took place during the meeting that occurred on or about January 24, 2022, and that Havens had told her it was merely a personality issue.

43. Kimmel told Reyes that there would be no further pay increases for her as a Packer.

44. Reyes worked as a Packer on or about February 15, and 16, 2022.

45. Reyes involuntarily quit her job on or about February 16, 2022, because of the unabated hostile work environment and the constructive demotion.  Defendant constructively discharged Reyes.

46. Defendant took adverse employment actions against Reyes because of her race, national origin/ancestry, ethnicity, and/or statutorily-protected conduct.

47. Defendant has accorded more favorable treatment to comparators outside of Reyes' protected classes.

48. Any reason proffered by Defendant for the adverse actions it took against Reyes is pretextual.

49. Reyes has suffered injury as a result of Defendant's unlawful actions, including, but not limited to, lost wages, lost benefits, inconvenience, humiliation, embarrassment, anger, disgust, frustration, and similar emotions as a result its unlawful acts.

**COUNT I**

**NATIONAL ORIGIN DISCRIMINATION – TITLE VII**

50. Reyes hereby incorporates paragraphs 1-49 of her Complaint.

51. Defendant took adverse employment actions against Reyes because of her national origin/ancestry, including, but not limited to, constructively demoting and discharging her.

52. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Reyes' rights as protected by Title VII.

## COUNT II

## NATIONAL ORIGIN HARASSMENT – TITLE VII

53. Reyes hereby incorporates paragraphs 1-52 of her Complaint.

54. Defendant created and maintained a hostile work environment based on national origin/ancestry for Reyes.

55. Reyes complained about the unlawful harassment to Defendant.

56. Defendant took no action to address Reyes' complaints.

57. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Reyes' rights as protected by Title VII.

## COUNT III

## RETALIATION – TITLE VII

58. Reyes hereby incorporates paragraphs 1-57 of her Complaint.

59. Reyes engaged in statutorily-protected conduct.

60. Defendant took adverse employment actions against Reyes because of her statutorily-protected complaints, including, but not limited to, constructively demoting and discharging her.

61. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Reyes' rights as protected by Title VII.

## COUNT IV

### NATIONAL ORIGIN/RACE/ETHNICITY DISCRIMINATION – 42 U.S.C. § 1981

62. Reyes hereby incorporates paragraphs 1-61 of her Complaint.

63. Defendant took adverse employment actions against Reyes because of her national origin/ancestry, race, and ethnicity, including, but not limited to, constructively demoting and discharging her.

64. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Reyes' rights as protected by 42 U.S.C. § 1981.

## COUNT V

### NATIONAL ORIGIN/RACE/ETHNICITY HARASSMENT – 42 U.S.C. § 1981

65. Reyes hereby incorporates paragraphs 1-64 of her Complaint.

66. Defendant created and maintained a hostile work environment based on national origin/ancestry, race, and ethnicity for Reyes.

67. Reyes complained about the unlawful harassment to Defendant.

68. Defendant took no action to address Reyes' complaints.

69. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Reyes' rights as protected by 42 U.S.C. § 1981.

## COUNT VI

### RETALIATION – 42 U.S.C. § 1981

70. Reyes hereby incorporates paragraphs 1-69 of her Complaint.

71. Reyes engaged in statutorily-protected conduct.

72. Defendant took adverse employment actions against Reyes because of her statutorily-protected complaints, including, but not limited to, constructively demoting and discharging her.

73. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Reyes' rights as protected by 42 U.S.C. § 1981.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Madai Reyes, by counsel, respectfully requests that this Court find for her and order that:

1. Defendant pay lost wages and benefits to Reyes;

2. Defendant reinstate Reyes to the same position, with the requisite pay, seniority, and benefits, or pay front pay and benefits to her in lieu of reinstatement;

3. Defendant pay compensatory and punitive damages to Reyes;

4. Defendant pay pre- and post-judgment interest to Reyes;

5. Defendant pay Reyes attorneys' fees and costs incurred in litigating this action;

and

6. Defendant pay to Reyes any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

/s/ Bradley L. Wilson
Bradley L. Wilson, Attorney No. 21154-49

/s/ Shannon L. Melton
Shannon L. Melton, Attorney No. 29380-49

Attorneys for Plaintiff
Madai Reyes

WILSON MELTON, LLC
5226 South East Street, Suite A-5
Indianapolis, Indiana 46227
Telephone:   (317)802-7181
 Email:        bwilson@wilsonmelton.com
              smelton@wilsonmelton.com

## DEMAND FOR JURY TRIAL

Plaintiff, Madai Reyes, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

/s/ Bradley L. Wilson
Bradley L. Wilson, Attorney No. 21154-49

Attorneys for Plaintiff
Madai Reyes